United States Bankruptcy Court
Southern District of Illinois

In re:                                            )
    Bradford Blaine Thackrey,            )    Case No.
                                          )    ☒Original Chapter 13 Plan
                                          )    ☐Amended Plan Number _____
    Debtor(s)                             )      (Changes must be underlined)

# CHAPTER 13 PLAN AND NOTICE OF TIME TO OBJECT

*GENERAL ORDERS 07-5 and 08-3:* The provisions of the Court's General Orders 07-5 and 08-3 are incorporated herein by reference and made part of this plan. These Orders are available at www.ilsb.uscourts.gov.

*YOUR RIGHTS WILL BE AFFECTED:* You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan set out below must file a timely written objection. This plan may be confirmed without further notice or hearing unless written objection is filed and served within 20 days after the conclusion of the § 341 meeting of creditors. Objections to an amended plan must be filed and served within 20 days after the date of filing of the amended plan. **If you have a secured claim, this plan may void or modify your lien if you do not object to the plan.**

*THIS PLAN DOES NOT ALLOW CLAIMS:* Except for the payment of current on-going mortgage payments paid by the Trustee, creditors must file a timely proof of claim to receive distribution under a confirmed plan and to receive average monthly payments as set forth in the Debtor(s)' Plan.

**1. PAYMENTS**
The Debtor or Debtors (hereinafter "Debtor") submit to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan. The payment schedule is as follows:

| Start Month # | End Month # | Monthly Payment | Total |
|---|---|---|---|
| 1 | 60 | $530.00 | $31,800.00 |
|  |  |  |  |
| Trustee gets 50% of | Net – Workers | Comp – Debtor to Retain other 50% | Of Net Proceeds |
| **Total Months: 60** |  | **Grand Total Payments: $31,800.00** |  |

**The payment shall be withheld from the debtor's paycheck:** ☐ Yes ☐ No

**Employee's name from whose check the payment is deducted:**   Bradford Blaine Thackrey

**Employer's name, address, city, state, phone:** State of Illinois- Attn: Comptroller Withholding Agent
                                         325 W Adams Street
                                         Springfield, IL 62704-4871

**Debtor is paid:** ☐ Monthly    ☒ Twice monthly    ☐ Weekly    ☐ Biweekly    ☐ Other

☐ **This plan cures any previous arrearage in payments to the Chapter 13 Trustee under any prior plan filed in this case.**

**NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST COMMENCE WITHIN 30 DAYS OF THE FILING OF**

**THE PETITION.  THE DEBTOR MUST MAKE DIRECT PAYMENTS TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THE EMPLOYER DEDUCTION BEGINS.**

**ORDER OF DISTRIBUTION**

The following order of priority shall be utilized by the Trustee with respect to all payments received from the Debtor:

1. Any unpaid portion of the filing fee;
2. Notice fees equal to $.50 per page of the Plan, multiplied by the number of names listed on the Debtor's mailing matrix;
3. The trustee's fees for each disbursement, the percentage of which is fixed by the U.S. Trustee;
4. Other allowed administrative expenses;
5. On-going mortgage payments as set forth in the Debtor's Plan (or as later modified), attorney's fees, secured creditors, and executory contracts/leases (to be paid pro-rata based upon the average monthly payment amount);
6. Priority creditors as set forth in the Debtor's Plan;
7. Any special class of Unsecured Creditors as set forth in the Debtor's Plan; and
8. General Unsecured Creditors.

**ATTORNEY FEES**

Attorney's fees (select one):
[ X ] Debtor's counsel elects the following fixed fee: [ X ] $3,500.00 ($3,500.00 or less for a consumer case); or [   ] $_____ ($4,000.00 or less for a business case), of which counsel has received $1.00 pre-petition.  The average monthly payment amount to be received by Debtor's counsel is $500.00 (not to exceed $500.00 per month).

[   ] Debtor's counsel elects to be paid on an hourly basis and will file a fee application(s) for approval of fees.  No fees shall be disbursed until a fee application is approved by the Court; however, the Trustee shall reserve a total of $3,500.00 for payment toward such application, pursuant to the Order of Distribution.  Said funds shall be reserved at the average monthly amount of $300.00.

    **2.**    **OTHER ALLOWED ADMINISTRATIVE EXPENSES**

        **Such Claims are as follows:**

        Name:_____ Est. Amount of Claim: $_____

    *3.*    *PRIORITY CLAIMS*

        *Such Claims are as Follows:*

        **A)**  **Domestic Support Obligations:**
           1)  __X__ None.  If none, skip to Other Priority Claims.
           2)  Name of Debtor owing Domestic Support Obligation _____
           3)  The name(s) and address(es) of the holder(s) of ALL domestic support obligation(s) as defined in 11 U.S.C. § 101 (14A) and, if applicable, the estimated arrearage:

| Name | Address, City and State | Zip Code | Est. Arrearge |
|------|-------------------------|----------|---------------|
|      |                         |          |               |

2

|   |   |   |   |
|---|---|---|---|
| 1. |   |   |   |
| 2. |   |   |   |
| 3. |   |   |   |

   4) **The Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan**.

**B) Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B):**

   1)   X   None.  If none, skip to Other Priority Claims.
   2) Name of Creditor, total estimated arrearage claim, estimated amount to be paid through the Plan, and
        the state agency case number:

| Creditor | Total Est. Arrearage Claim | Est. Amount to Be paid | State Agency Case # |
|---|---|---|---|
| 1. |   |   |   |
| 2. |   |   |   |

**C) Other Priority Claims:**

| Creditor | Basis for Priority | Estimated Claim |
|---|---|---|
|   |   |   |
|   |   |   |

4. *REAL ESTATE - CURING DEFAULTS AND MAINTAINING PAYMENTS:* Payments shall be made by the trustee if the plan addresses a pre-petition default.  Otherwise, payments may be made directly by the Debtor to the creditor.  Where there are arrearages, all post-petition payments are to begin on the first due date after the month in which the petition is filed.  All fees and/or charges incurred by the creditor prior to the date of the entry of discharge, which are assessed against the debtor either before or after discharge, must be approved by the Court.   All payments received from the trustee must be credited by the creditor as the Plan directs.  See Amended General Order 07-5 and General Order 08-3.

   **A) Payment of arrearages are as follows**:

| Creditor | Description of Collateral | Est. Arrearage | Int. Rate (if any) | Avg. Monthly Pymt |
|---|---|---|---|---|
|   |   |   |   |   |
|   |   |   |   |   |

   **B) Payment of on-going mortgage payments made by the Trustee are as follows**:

| Creditor | Account # | Payment Address | Monthly Mort. Pymt. | Date 1st Pymt Due |
|---|---|---|---|---|
|   |   |   |   |   |
|   |   |   |   |   |

   **C) Payment of on-going mortgage payments made directly by the Debtor are as follows**:

3

| Creditor | Account # | Payment Address | Monthly Mort. Pymt. | Date 1st Pymt Due |
|---|---|---|---|---|
| US Bank 1st Mtg | 1914 | PO Box 790415 St. Louis, MO 63179-0415 | $514.67 | 6/1/09 |
| CitiFinancial 2nd Mtg | 0428 | PO Box 6931 The Lakes, NV 88901-6931 | $239.85 | 6/1/09 |

**D) Real Estate Property Tax Claims shall be paid as follows**:

☐ By Debtor Directly
☒ Included in the mortgage payment
☐ Debtor is not required to pay real estate taxes

5. **SECURED CLAIMS AND VALUATION OF COLLATERAL UNDER 11 U.S.C. § 506**

**A) Secured Claims to which §506 Valuation is NOT Applicable ("910 Claims"):**

Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle, incurred within 910 days preceding the date of the filing of the bankruptcy OR debts secured by a purchase money security interest in "any other thing of value," incurred within one year preceding the date of the filing of the bankruptcy.  These claims will be paid in full with interest as provided below and in average monthly payments as specified below.

| Creditor | Collateral to be Retained | Est. Claim Amt. | Interest Rate | Avg. Monthly Pymt. |
|---|---|---|---|---|
| Carbondale Highway Credit Union | 2008 Roketa Scooter | $1,392.23 | 5.25% | $26.43 |
| | | | | |

**B) Secured Claims to which §506 Valuation is Applicable ("Cram Down Claims")**:

Claims listed in this subsection are debts secured by personal property NOT described in the immediately preceding paragraph of this plan.  These claims will be paid either the scheduled value of the secured property or the secured amount of that claim, whichever is less, with interest as provided below and in estimated monthly payments as specified below.  Any portion of a claim that exceeds the scheduled value of the secured property will be treated as an unsecured claim without the necessity of an objection.

| Creditor | Collateral to be Retained | Scheduled Debt | Value | Interest Rate | Avg. Monthly Pymt |
|---|---|---|---|---|---|
| Effingham Highway Credit Union | 2004 Dodge Ram | $13,086.35 | $12,708.00 | 5.25% | $241.27 |
| Banner Financial of Mt Vernon | Dell Computer | $740.00 | $0 (MTAL) | 0% | $0 |
| Heights Finance | Household Goods, Mower, Tools | $2,659.91 | $3,900.00 | 5.25% | $50.50 |
| Personal Finance Corporation | Snapper Mower | $5,442.81 | $2,500.00 | 5.25% | $47.46 |

**C) Surrender of Property:**

The Debtor surrenders any and all right, title and interest in the following collateral.  If applicable, any unsecured deficiency claim must be filed within 160 days of the Petition date.

| Creditor | Collateral to be surrendered | Location | Est. Monies Previously Paid by the Trustee |
|---|---|---|---|

4

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |

**6.** *SEPARATELY CLASSIFIED CLAIMS*

| Creditor | Secured/Unsec | Amount | Int. Rate (If Any) | Avg. Monthly Pmt. | Paid by Trustee/Other |
|----------|---------------|--------|--------------------|-------------------|----------------------|
|          |               |        |                    |                   |                      |
|          |               |        |                    |                   |                      |

**7.** *EXECUTORY CONTRACTS AND UNEXPIRED LEASES*  All executory contracts and unexpired leases are REJECTED, except the following which are assumed:

   **A) Payment of executory contracts and unexpired leases made by the Debtor are as follows**:

| Creditor | Account # | Payment Address | Monthly Pymt | Date 1st Pymt Due |
|----------|-----------|-----------------|--------------|------------------------|
|          |           |                 |              |                        |
|          |           |                 |              |                        |

   **B) Payment of executory contracts and unexpired leases made by the trustee are as follows**:

| Creditor | Account # | Payment Address | Monthly Pymt | Date 1st Pymt Due |
|----------|-----------|-----------------|--------------|------------------------|
|          |           |                 |              |                        |

   **C) Payment of arrearages by the Trustee are as follows**:

| Creditor | Description of Collateral | Est. Arrearage | Int. Rate (If Any) | Avg. Monthly Pmt. |
|----------|--------------------------|----------------|--------------------|-------------------|
|          |                          |                |                    |                   |

**8.** *UNSECURED CLAIMS*:  The amount necessary to pay all classes of unsecured creditors pursuant to 11U.S.C. §§ 1325(a)(4) and 1325(b) is $___2,900.00_____.  The amount estimated to be paid to non-priority unsecured creditors is $___2,900.00_____.   All non-priority unsecured creditors may share in any pool of money left after all administrative, priority, and secured claims have been paid.  Non-priority unsecured creditors to be paid pro-rata.  *If the Plan proposes to pay all classes of unsecured creditors 100% of their allowed claims, leave the above spaces blank and check here ____.*

**9.** *POST PETITION CLAIMS*: Post-petition claims shall not be paid by the Trustee unless the Debtor amends the plan to specifically address such claims. Absent such an amendment, the trustee shall not disburse any monies on said claims and these debts will not be discharged.

**10.** *LIEN RETENTION*:  With respect to each allowed secured claim to be paid in full through the plan , the holder of such claim shall retain the lien securing its claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) entry of the discharge order under 11 U.S.C. § 1328.

**11.** *PROOF OF LIEN PERFECTION*: Any creditor(s) asserting a secured claim must provide the chapter 13 Trustee, the Debtor, and Debtor's counsel with proof of lien perfection at the time its claim is filed and may attach such documentation to its Proof of Claim.  See General Order 08-4.

**12.** *VESTING OF PROPERTY OF THE ESTATE***:** Property of the estate shall revest in Debtor upon

5

confirmation of the Debtor's plan, subject to the rights, if any, of the Trustee to assert a claim to additional property of the estate acquired by Debtor post-petition pursuant to 11 U.S.C. § 1306.

13. **<u>PAYMENT NOTICES</u>**: Creditors in Section 3 (whose rights are not being modified) and in Section 6 (whose executory contracts/unexpired leases are being assumed) may continue to mail customary notices or coupons to the Debtor or Trustee notwithstanding the automatic stay.

14. **<u>OBJECTIONS TO CLAIMS</u>**: Any objection to a timely filed unsecured claim shall be filed within forty-five (45) days following the expiration of the claims bar date for that claim. Objections to secured and/or amended claims shall be filed within forty-five (45) days from the claims bar date, or within forty-five (45) days from the date of filing of the claim, whichever is later.

15. **<u>STAY RELIEF</u>**: Notwithstanding any provision contained herein to the contrary, distribution to a secured creditor(s) who obtains relief from the automatic stay will terminate immediately upon entry of an Order lifting or terminating the stay, except to the extent that an unsecured deficiency claim is subsequently filed and allowed. Absent an Order of the Court, relief from the automatic stay shall also result in the Trustee ceasing distribution to all junior lien holders.

16. **<u>DEBTOR REFUNDS</u>**: Upon written request of the Debtor, the Trustee is authorized to refund to the Debtor, without Court approval, any **erroneous** overpayment of **regular** monthly payments received during the term of the Plan that have not been previously disbursed.

17. **<u>PLAN NOT ALTERED FROM OFFICIAL FORM</u>**: By filing this Plan, the Debtor and Debtor's counsel represent that the Plan is the official form authorized by the Court. Changes, additions or deletions to this Plan are permitted **only** with Leave of Court.

18. **<u>REASON(S) FOR AMENDMENT(S)</u>**:


Debtor(s)' Declaration Pursuant to 28 U.S.C. §1746.

I declare under penalty of perjury that the foregoing statements of value contained in this document are true and correct to the best of my knowledge and belief.

| May 19, 2009 | /s/ William A. Mueller |
|---|---|
| Dated | Signature of Counsel for Debtor(s) |

| /s/ Bradford Blaine Thackrey | |
|---|---|
| Signature of Debtor | Signature of Joint Debtor (if applicable) |

6